Case number 24-1398, Valerie Kloosterman v. Metropolitan Hospital et al. Oral argument not to exceed 15 minutes per side. Kevin Wynoski for the appellant. You may proceed. Good morning, Your Honors, and may it please the Court. Kevin Wynoski for Plaintiff Appellant Valerie Kloosterman. I'd like to reserve three minutes for rebuttal. This Court has never allowed a defendant who filed a substantive 12b6 motion and then lost that motion in principal part to turn around and belatedly assert a right to arbitration. And this case should not be the first. In Solo, this Court joined six other circuits to say that a 12b6 motion seeking a total and complete victory on the merits is a near surefire indicator of forfeiture. Here, the hospital filed not one 12b6 motion seeking a total victory, but multiple, and it is tempting to stop there. But when you combine what this Court said in Solo with its decisions in Schwebke and Johnson, finding forfeiture in nearly half the time and after far less motions practiced than you have here, the hospital's forfeiture is overwhelming. I'm curious how we map on your theory of they've lost the right to forfeit traditional doctrine because our case law generally calls it wavered. You seem to suggest that we should transition to forfeiture. And then there's this debate about whether it should be federal law, like I guess federal common law or state law. So why do you think our case law has repeatedly called it waver? And I think you're transitioning because waver is a knowing and voluntary standard, and it's not obvious that they've knowingly waived. I guess you'd have to almost have to have discovery on that. But you're suggesting it should just be a forfeiture rule where it can be based on kind of negligence? I am suggesting it should be a forfeiture rule. And I agree with Your Honor that this is an area that is unclear. And I would suggest if the court wants to provide some clarity in its opinion, this case is probably a pretty good vehicle to do so. In Your Honor's Bannister opinion from a few years ago, you explained that courts use forfeiture and waiver sometimes as synonyms when they're really not. And it gets imprecise in this case. I think it illustrates that imprecision. That waiver should be tied to the substantive law from which the right comes. And that would here be contract law. And if you look at contract law treatises outside of litigation, you can waive contract terms. And it's a substantive body of just contract law principles. So I would think the waiver idea should come from Michigan law in this case. And then maybe there's the separate forfeiture claims processing idea that courts could develop. Like, you know, we on appeal if you don't raise something in the district court, we forfeit it on appeal. That's just federal common law claims processing. And perhaps do you think that the forfeiture rule in Solow should be recast as this type of federal claims processing rule? I think that's how Solow cast it. And I think in Schwebke, Judge Larson talks about implied waiver. That's really the situation we find ourselves here. So the defendant in Schwebke, their counsel came in. They said, we didn't invoke the arbitration right because we didn't know about it. And Schwebke says, well, that doesn't matter. Knowledge doesn't enter the equation. And then if you go to the contract treatises, if you go to the restatement, which we recite in our reply brief, it says that this knowing and intentional relinquishment of the right that sort of creeps in from the Olano plain error context, that's where Justice Kagan got it from in Morgan, that that actually leads to a lot of confusion. Because in standard contract law, whether you look at the restatement, whether you look at the treatises, they don't require actual knowledge. Waiver by estoppel. But that would be, that would be, so I think you have two theories for why they lost the right. I think you have a contract law theory, which would be, but I think that's dependent on Michigan law. Because I think it would be, I think the court has told us, I'm blanking on the name now, but the third party case or whatever, the court told us that we should look to the law of the relevant state when adopting the background rules of waiver, estoppel and everything else. So I think that would not, there wouldn't be a federal common law. That would be waiver. I think you've, you're not really relying on that here, though. I think you're relying on a separate idea that just a claims process, the courts can adopt their own rules for when litigants have to raise things, just as a matter of our own efficient operations. And I do think that it may. I might add another theory just to make things easy for you. It also seems to me that that section three, which you cite in your brief, has default built into it and explains default. You know, if you fail, neglect, refuse, that kind of thing. Right. So it's not necessarily like our general concepts about waiver versus forfeiture that we might use just for claims processing. Right. Did you forfeit an argument? And now the appeals court's not going to do it. We're actually, our common law builds kind of from the idea of default. Right. And so it might not actually map on quite neatly to our general claims processing rules. For example, forfeiture, which is the word that I believe your brief has adopted. We often have kind of a discretionary exception. You know, if something's forfeited, the court can listen to it anyway. Right. Or exceptional circumstances that hasn't existed in any of our arbitration cases. And certainly there's no room for it in in section three. So as we as we think about waiver forfeiture, it's claims processing the state law theory that Judge Murphy talked about. I will just add kind of a section three and federal common law emanating from from section three as yet another theory on your plate. I mean, I am happy to win under any theory. This court, I'm sure, but we have to write the opinion and we get we get your your wise counsel. So I think federal law is the right answer. And it's certainly the primary theory that we're relying on here. I'll sort of add a footnote to that, which is I think even if you followed the state law theory, you end up at the same place. That's because Michigan allows constructive knowledge and the hospital here drafted the contract. So I think either way we get to a forfeiture. But federal law, I would submit, is sort of the right lens to look through for two reasons. Number one, as Judge Blomkatz put it exactly, is the text of the FAA. And the second is every Sixth Circuit case that I read and that we cite in our papers approaches this as a question of federal common law. There's a First Circuit opinion by Judge Lynch Marie that we cite in our papers that I think does the best job I've seen of explaining why to judge. I'd like to I'd like Judge Blomkatz point, though, that the key distinction between waiver and forfeiture in terms of the remedy is that you forfeit plain air review applies. So you still have. In exceptional circumstances, if it's a forfeiture and not a waiver, the side who has lost the right can still try to recapture it by proving that in the criminal context, it's obvious it's the plain air test. Do you think that your forfeiture argument should have this back end exceptional circumstances thing? Or do you think it should just be us interpreting that in default language and then we're really not engaged in federal? I, I think I would start with the text of the FAA because that's always a good place to start and we have failure, neglect or refusal. And when we talk about failure and neglect, that does not connote knowledge that connotes what I think maps on to how we generally think about forfeiture. There are certainly some opinions that we cite the D.C. circuit in particular, very particular about using the word forfeiture, which is sort of why I adopted it in our briefs here. Your brief also says use it or lose it, which is not necessarily how we think about forfeiture in other contexts, which is maybe why I'm suggesting that our typical forfeiture waiver nomenclature for or concepts for claims processing is not the common law that we've accepted as we've interpreted essentially section three. Sure, and I will, I will spot you that. Can I just jump in? Sure. So, if you're saying start with the FAA and we're looking at, you know, default, which ordinarily doesn't have a kind of a safety hazard, so to speak. It's like if it's defaulted, then are we looking at some type of a hybrid? So it's maybe common law forfeiture, but not with that feature that Judge Murphy was talking about, which is the opportunity to show that there's some extraordinary circumstance for which that forfeiture should be set aside. And surely there's no precedent. So we're we're out here in the land of this is what we think it should be. Tell me if that works and if it doesn't, why not? I think you have to get pretty creative on the hypos to imagine where a defendant has forfeited a right to arbitration because of their own litigation conduct. And then that they're then able on appeal to bear out some sort of, you know, exceptional circumstance or miscarriage of justice, I think, is how the Bannister opinion puts it. We have discretion to do just that. And maybe there is a case out there that could, you know, where there are circumstances that arise to that level. There definitely aren't here, and I don't take it to be any argument that there is here. I mean, I'm certainly happy with a full waiver or default to use the language of the FAA because I think we have that in spades here. But I really don't think the court has to draw a line in terms of waiver or forfeiture. I think if we want to just adopt the language of Schwebke and say this is an implied waiver, I'm certainly fine with that. Can I ask you the hardest point to counter your forfeiture just because you filed a motion to dismiss on the merits might be a textual Rule 12b-6 argument or Rule 12b? So Rule 12b, or Rule 12 generally, Rule 12 generally says if you do not put the following defenses in your motion to dismiss, it textually says waive, but I think it means forfeit. So it adds to the confusion. You waive the following defenses, personal jurisdiction, then you. It doesn't mention arbitration. So do you think we could have like some type of negative gloss? Maybe solo, maybe the ship has sailed. But do you think there would be a negative gloss that maybe arbitration shouldn't be one of the things that you automatically forfeit by filing a motion to dismiss because it's not included in the pool? So a couple of things to sort of take the question on its terms. There is a non-presidential opinion from this court called Menasher that we cite in our papers that suggests that arbitration, because it's a flavor of an improper venue defense, that actually you do have to list it. I think that's in your answer, though. So it's a little bit different than the personal jurisdiction situation you mentioned. But I think I would also agree with your honor that this ship has sailed with solo. It's the totality of the circumstances test, and we don't dispute that. But solo, I think, says puts a very heavy thumb on the scale when there's a substantive 12B6 motion that goes to all of the claims that seeks the total and complete victory on the merits. That's going to be almost always an indicator of forfeiture. And so that's why I think it doesn't lead us directly to a conflict with Rule 12. It's theoretically possible that you could file a 12B6 motion and not forfeit the right. But as solo says, not all 12B6 motions are homogenous. If it was a 12B1 motion, if it was a 12B6 and only went to a subset of claims, that might be a different story. That's not what we have here. We have multiple 12B6 motions seeking a total and complete victory on the merits. Thanks, counsel. Thank you. Good morning, Your Honors. Jonathan Rabin on behalf of the Eppleese, U of M Health West, Dr. Rakesh Pai, Marla Cole, Thomas Pierce, and Catherine Smith. It's an honor to be here, an honor to be before the court and to present to the law school students. Hopefully they're not critiquing us. First, I want to speak to the waiver issue. Judge Beckering determined that Michigan law applied on the waiver issue. She issued a careful and 22-page opinion and order on the subject. She said, Michigan law, this favors arbitration, waivers of arbitration. And she relied on the next tier case for that proposition. And on the subject of thinking, why do you think it should be Michigan law? All of our precedent does not seem to be applying state-specific, whatever you want to call it. I think it's closer to forfeiture, to be honest. But state-specific, you lost your right by failing to assert principles. Yeah. I think, well, first of all, Judge Beckering applied federal law because it was, she thought it was helpful in interpreting Michigan law. And I think any application of state law principle, when you're talking about an issue like waiver, a substantive issue, makes sense. State law makes sense. And I think typically that's what the court does when it applies a substantive legal principle that's not applying federal law. And I think... But why couldn't there be two bodies of law? Oh, there could. Why couldn't there be waiver? I would agree with you if it's a waiver contract law principle, it would be Michigan law. But I think courts, under Erie, the federal rules of civil procedure trump state rules of procedure. It doesn't matter if it's a diversity claim. And why isn't this the same idea that if you're going to invoke the federal machinery, federal judicial machinery, we can have efficiency rules? And you shouldn't be asking us to litigate a claim to its merits, lose, and then say, oh, never mind. I want to arbitrate this case. Yeah. I'm not ruling out the possibility that the courts could apply forfeiture. And I would say that that is not what the plaintiff asked the district court to apply. They said waiver. Everything they said was waiver. Well, to be fair to them, all of our precedent says waiver. Absolutely. Maybe, but everybody throughout the history of the world has used forfeiture and waiver. So it's not. Myself included. Trying to figure out. But what I'm thinking in my head is that waiver is a substantive law claim. And forfeiture is a claims processing, maybe including the FAA claim processing statute as well. Yeah. I guess a couple of things. One, about the FAA, by the way, if we're applying Michigan law, the Michigan Uniform Arbitration Act would apply, which doesn't have Section 3 in the reference to default. There's no waiver provision or default provision in the Michigan Uniform Arbitration Act. As to the question of default versus waiver, I'm finding it a little difficult to, you know, to talk about what the rules are about default when the argument in the lower court and the argument from plaintiff was waiver. And you pointed out correctly, Judge Murphy, that this court's decisions use the term waiver, but it also explains what a waiver is, and that's the intentional relinquishment of an own right. It's not the way we've described it in Solow. We didn't ask. We said, essentially, if you seek a complete success on the merits in your motion to dismiss, you have acted inconsistently with your arbitration right. We've not said, we've not used the normal language of waiver in the constitutional context, which I agree with you is a knowing and intentional relinquishment of a right. We didn't use that language in Solow, and Solow is binding on us. And maybe not in Solow, but I think there were other decisions from this court. I mean, that's the one that's closest on point. It suggested that the filing of a motion to dismiss on the merits, so not without prejudice, with prejudice on the merits on the substantive claims is acting inconsistently with the right to arbitrate under our precedent. But the court also said in Schwebsky and Johnson Associates that you look at the totality of the circumstances. There's no bright line rule. There's no concrete rule. And I think I can explain what our position is on Solow. There are a number of things that I think distinguish our situation from Solow. And, yes, we brought a motion seeking a dismissal of all claims on the merits. But I would point out that a good portion of – Okay, so if you don't think Solow establishes the rule, what's wrong with me wanting to establish the rule here? So what's wrong with this rule? Let me give you the hypo. You won this case. So say you won the motion to dismiss. And then the plaintiffs file Rule 59 invoking the arbitration right and say, let's kick this. Never mind about the court. Let's send this to arbitration. Would you think the plaintiffs forfeited after you won the case on the motion to dismiss, forfeited the right to arbitrate? I would say they elected their remedy. So why haven't you elected your remedy when you asked for the remedy of a judicial victory? Well – What's the difference between filing a motion to dismiss by the defense in a court when you're asking a court for the victory and filing a complaint in court? Yeah. I think what I was about to say was that in Solow there was a focus on what is true merits. There was a – they focused on the language of the contract that was at issue in that dispute. The terms of service of UPS's agreement. They said, no, plaintiff's interpretation of the agreement is wrong. Our motions to dismiss were focused heavily on 11th Amendment immunity issues, which this court has said subject matter jurisdiction is different from. Speaking of – That would have been without prejudice. I thought you filed a motion to dismiss in addition on the merits of the claim. It was a combined motion to dismiss. So I agree with you. If it was 11th Amendment, it might be different. But do you concede that you filed a complete motion to dismiss on the First Amendment claim? No question. On the – Well, whatever claims they have. We sought dismissal of the entire case. Correct. There is a difference. Twice, right? Well, you say twice, but what happened was we filed our motion to dismiss. Plaintiff filed an amended complaint as a matter of course, and then we filed essentially a set of replacement motions. So it wasn't like we got a ruling from the first motion and then sought dismissal again. What I'm having trouble with, even under the totality of the circumstances, I'm with you. It's not just one single thing. Filing those dispositive motions twice where you're looking for a complete and total victory, you're not just challenging jurisdiction where Judge Murphy mentions that would have been without prejudice and so it could have resurrected, so to speak. It really seems like you elected your remedy at that point. Does it? I don't agree that that's – because we were seeking dismissal of certain claims based on jurisdiction and not a dismissal of each and every claim based on their merits. So you think you can avoid – so you were – I'll grant you with the 11th Amendment you were, but you also had merits arguments, meaning their claims failed to state a claim. Yes. So you're saying that if you combine them both, that allows you to preserve your right to arbitrate? Well, there were certain claims that we didn't challenge under 12b-6, I guess is my point. And again, I think it's quite different to focus on what the meaning of a contract is from whether the plaintiff met her pleading burden. I think those are two very different things, and one is much more heavily focused on merits than – Can you explain to me, just to move the question a little bit, what the difference in the law is about relinquishing a contract right under Michigan law and kind of how our doctrine of the federal common law is? Like, what is the main kind of substantive difference? What do you have to show – under kind of basic contract law in Michigan, if you want to say, well, this party relinquished X right under the contract, how is that different from our federal common law jurisprudence? I think there's a couple of things that come to mind. One, and I don't know what the federal standard is in this regard, but Michigan law is very clear that a waiver of a contractual right requires a clear and convincing evidence. Two, the Michigan jurisprudence still exists as it was pre-Morgan in federal common law where there was a showing of prejudice requirement. Those are the two main features that I think – I was thinking about the prejudice because you didn't argue – I found your brief suggested state law should apply. I would agree with that. But then it never suggested that we need to find a prejudice element. Yeah, I didn't argue that in the lower court, so I don't think it was appropriate to argue it here. It's a little circular too, right? Because it seems like Michigan law on arbitration contracts has incorporated the federal FAA common law, right, which used to have prejudice before Morgan. It just hasn't changed. It does get a little bit messy, Judge Williams. I agree. So you would say that the main thing – I mean, for any arbitration agreement, right, it seems like there is a predicate state law contract question, right? Do you even have a contract to arbitrate? We had all these questions. Is this unconscionable? Is there some other reason that maybe this is a completely unenforceable contract, right? We have the kind of basic contract questions always kind of underlying these cases. And you would say the biggest difference would be that you would need clear and convincing evidence to say, here, okay, the arbitration piece of the underlying contract has been relinquished, right? Okay. If we have that state law piece to say, okay, maybe the contract is in place still. It survives, right, and rights haven't been relinquished under the contract. Why can we not then also apply the FAA in Section 3, which might have a different standard? Yeah. I mean, I guess I'm getting us out of a either-or, but why not both? I mean, we do understand that state contract law plays a role in our arbitration jurisprudence, but we also obviously have the FAA. Yeah. I can't sit here and give you a reason why the FAA shouldn't apply. I mean, it is federal law. It is federal law, but if Michigan law is applied in determining what the contract right is, I guess it would seem that the primary source that the court should look to is Michigan arbitration law. Well, the reason why the court in the case, I think it was Arthur Anderson, but I'm not blinking on the name, but the reason why you look to state law is because the key provision of the Federal Arbitration Act says that arbitration clauses must be enforced just like any other contract, and so it incorporates state law into itself, but you get to the state law from the FAA. Yeah. But I think I'm not going to run away from the federal jurisprudence on the subjects of waiver. We can't do that because we didn't argue it in the lower court, but I will say that Judge Beckering, she applied Michigan law utilizing the federal decisions, and she distinguished this case from Solow and Schwebke and Johnson Associates. Okay. Thank you. Thank you. Thank you. Thank you, Your Honors. Just a few quick points to make in rebuttal. My friend conceded that he sought a total and complete victory on the merits under Solow. That resolves this case. Solow, to Judge Murphy's point, enhances clarity because it lets people with contractual right know exactly what they need to do if they want to invoke it and exactly what they don't need or what they shouldn't do if they want to invoke it later. Affirming would destroy that clarity. Applying Solow here would enhance that clarity. I thought, so is it true that the motion to dismiss setting aside sovereign immunity and other without prejudice dismissals sought a merits ruling that you failed to state a claim with respect to every claim? So I didn't bring their actual motions here today. I took a look at the district court opinion, and it seems very merits-driven as to all of the counts. And the motion was certainly styled as a 12B1, 12B6 combination, but I think it was pretty merits-focused from top to bottom. It turns out that every claim that you get to ask the question, which claims there was a true 12B6 on the subject of 12B1, it turns out that there was that mixture. What's the impact of that on your argument that this is straight under Solow? I don't think it has an impact on the argument, and it's because of Solow. So Solow, like I say, is a clarity-enhancing decision, and it does not slice the bologna that thinly. It says if they seek a total and complete victory on the merits, that's it. You've elected the remedies. That language that my friend used comes straight out of opinions from this court and others that say once you have elected to respond to the complaint with a 12B6 motion, whether it might be combined with other things, but if it's a 12B6 motion that seeks a total and complete victory and asks the court to opine on the merits, the die is cast and you can't get out of it. And the last point I would make is my friend couldn't come up with a reason not to apply the FAA. I can come up with a reason to apply the FAA. The FAA expressly says in the Lamps Plus case, in the Arthur Anderson case, that it preempts inconsistent rules of state law. As Judge Lynch put it, Marie, it's well within the discretion of the court to look at the litigation conduct and make a judgment about what effect that has on the claims, and I would urge the court to do that here. Thank you. Thank you. Thank you both. The case will be submitted.